**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted November 5, 2009[*]

Decided November 12, 2009

Before

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

<table>
<tr><td>

No. 09-1237

JOHN L. ALLEN,<br>    *Plaintiff-Appellant*,

*v.*

GLEN HEINZL and JILL HANSON,<br>    *Defendants-Appellees*.

</td><td>

Appeal from the United States District Court for the Western District of Wisconsin.

No. 08-cv-037-bbc

Barbara B. Crabb, *Chief Judge*.

</td></tr>
</table>

**Order**

John Allen has suffered from testicular cysts and chronic scrotal pain since 2002, if not before. The cause is undetermined, and physicians at the several prisons where Allen has been confined have been unable to alleviate the pain, though Allen has been sent to specialists at several hospitals for analysis and testing. In 2007 a urologist at the University of Wisconsin recommended a CT scan to rule out any abnormal pathology such as renal stones or tumors.

A review committee at Allen's prison did not agree with the urologist's recommendation, and in this suit under 42 U.S.C. §1983 against Glen Heinzl, his treating physician, Allen contends that failure to carry out the urologist's recommendation violates the cruel and unusual punishments clause of the eighth amendment. He also contends that Jill Hanson, a nurse at the prison, violated the eighth amendment by not providing him with a scrotal support promptly after a physician prescribed it.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

The district court granted summary judgment in favor of the defendants, and properly so. The evidence shows that Hanson ordered the scrotal support but failed to ensure that the staff at the prison's pharmacy followed through. This may establish negligence (though the principal failing lay with the pharmacy's staff); it would not permit a trier of fact to infer that Hanson desired to inflict needless pain or was deliberately indifferent to Allen's pain. See *Farmer v. Brennan*, 511 U.S. 825 (1994).

The suit against Heinzl fails for a different reason: he did not make the decision. The prison's review committee, rather than Heinzl, decided not to send Allen for a CT scan. There is no vicarious liability under §1983. See *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York Department of Social Services*, 436 U.S. 658, 691 (1978). It is unnecessary to consider whether the committee's members, who are not parties, displayed deliberate indifference to Allen's pain. Allen contends that Heinzl can be ordered to pay damages for not recommending the CT scan more strongly. He did recommend it, twice, but added that the procedure is "rather expensive" and "[n]ot real likely … to give a definitive diagnosis that will affect treatment". Still, the decision was out of his hands—and a tepid recommendation differs from a desire to harm or deliberate indifference to pain.

AFFIRMED